UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TERRENCE TAYLOR**

v.  Case No.:  **8:10-CV-02718-EAK-EAJ**
            **8:07-CR-00107-EAK-EAJ-4**

**UNITED STATES OF AMERICA**

_____/

## ORDER ON PLAINTIFF'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

THIS CAUSE is before the Court on Plaintiff Terrence Taylor's timely-filed Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (hereinafter "motion" or "motion to vacate"). (Cv-1; Cr-198).[1] Taylor alleges that his sentence was improperly enhanced based on the district court's misunderstanding of a prior conviction and that his counsel was ineffective for failing to challenge the 21 U.S.C. § 851 Notice. The Government filed a response in opposition to the motion. (Cv-6). Taylor filed a reply to the Government's response in opposition. (Cv-9). A review of the record demonstrates that, for the following reasons, the motion to vacate must be **DENIED**.

---

[1] Docket references to 8:07-CR-00107-EAK-EAJ-4 are denoted herein as "Cr-__" and docket references to 8:10-CV-02718-EAK-EAJ are denoted herein as "Cv-__".

1

## BACKGROUND

On March 28, 2007, Taylor was charged with Conspiracy to Possess with Intent to Distribute 500 Grams or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 846. (Cr-10). On May 14, 2007, the Government filed "Government's Information and Notice of Prior Convictions" pursuant to 21 U.S.C. § 851, informing this Court and Defendant that upon conviction, because of his prior felony drug conviction, he would be subject to increased punishment, including an enhancement of the applicable mandatory minimum term of imprisonment, pursuant to 21 U.S.C. § 841(b). (Cr- 53). The prior conviction the Government relied on was Sale or Delivery of Cocaine, Case No. 93CR2411, in the Circuit Court for Sarasota County, Florida. *See* Presentence Investigation Report (PSR) ¶ 32.

On June 5, 2007, Taylor entered into a plea agreement with the United States. (Cr-65). Among other provisions of the Plea Agreement, (1) Taylor was advised that the offense to which he was pleading guilty, Count One, carried a mandatory minimum prison term of 10 years, *Id.* at 1-2; (2) Taylor waived his right to appeal his sentence or challenge it collaterally through the filing of a 28 U.S.C. §2255 motion, *Id.* at 12-13; and (3) Taylor agreed to "Stipulated Facts." *Id.* at 15-16. Taylor plead guilty before the undersigned district judge on February 22, 2008. (Cr-141). On May 23, 2008, Taylor was sentenced to 120 months in prison. (Cr-158).

Taylor directly appealed his conviction and sentence (Cr-162), stating to the Eleventh Circuit that pursuant to *Anders v. California*, 386 U.S. 738 (1967), and because of the plea agreement and waiver of appeal therein, there were no arguable issues to be presented.

On September 3, 2009, the Eleventh Circuit granted counsel's motion to withdraw and affirmed Taylor's conviction and sentence noting:

> Our independent review of the entire record reveals that counsel's assessment of
> the relative merit of the appeal is correct. Because independent examination of the

2

record reveals no arguable issues of merit, counsel's motion to withdraw is GRANTED, and Taylor's conviction and sentence are AFFIRMED.

*United States v. Taylor*, 343 Fed. Appx. 561 (11th Cir. 2009) (emphasis in original). Taylor did not seek further review from the Supreme Court.

On December 2, 2010, Taylor placed his 2255 motion in the prison mailing system. Under the "Mailbox Rule," the motion is considered to be filed on the date the motion was signed and submitted to prison authorities for mailing. Therefore, Taylor's motion was timely filed.

## WAIVER OF APPEAL AND 2255 MOTION

On June 5, 2007, Taylor entered into a plea agreement with the United States. (Cr-65). As part of his plea agreement, Taylor expressly and voluntarily waived the right to appeal his sentence or file a § 2255 petition. The waiver provision states:

> Appeal of Sentence-Waiver
> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

(Cr-65 at 12, 13).

During the guilty plea hearing, Taylor was thoroughly questioned as to his understanding of the provisions of the plea agreement and Taylor explicitly stated that he understood the agreement. (Cr-189 at 22-23). Taylor's guilty plea was accepted. *Id.* at 30.

3

The right to appeal is statutory and can be waived knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993); *United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997). For this Court to enforce an appeal waiver contained in a plea agreement, the United States need only demonstrate either that this Court specifically questioned the defendant concerning the sentence appeal waiver during the Fed. R. Crim. P. 11 colloquy or that it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver. *Williams*, 396 F.3d at 1342; *Bushert*, 997 F.2d at 1351.

Here, the waiver explicitly stated that Taylor could not file a motion attacking his sentence and this Court specifically reviewed that provision with Taylor during the guilty plea hearing. Taylor's sentence does not meet any of the enumerated exceptions to the waiver. Entertaining Taylor's 2255 motion would permit Taylor to collaterally attack his sentence in contravention of the plain meaning of his plea agreement and deny the United States the benefit for which it bargained. *Buchanan*, 131 F.3d at 1008.

Taylor's claim of a lack of understanding and required explanation of the plea agreement due to his diminished mental capacity has no merit. Taylor was found to be competent in the competency hearing (Cr-191), and Taylor was thoroughly questioned as to his understanding of the plea agreement. Therefore, his claim of not receiving adequate explanations of the plea agreement is invalid.

## DISCUSSION

### Ineffective Assistance of Counsel

Taylor failed to demonstrate that his counsel was ineffective according to the two part test laid out in *Strickland v. Washington*, 466 U.S. 668 (1994), and therefore Taylor's claim of ineffective counsel has no merit. The Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). A lawyer is presumed to be competent to assist a defendant; the burden is on the accused to demonstrate the denial of the effective assistance of counsel. *United States v. Cronic*, 66 U.S. 648, 658 (1984). To prevail on a claim of ineffective assistance, a movant must demonstrate both that (1) counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defendant. *Chandler v. United States*, 218 F.3d 1305, 1312-13 (11th Cir. 2000) ( en banc ), *cert. denied*, 531 U.S. 1204 (2001); *Strickland, supra*. In deciding whether counsel's performance was deficient, judicial scrutiny is "highly deferential" and requires the court to "'indulge [the] strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment.'" *Chandler*, 218 F.3d at 1314 (quoting *Strickland*, 466 U.S. at 689-90).

The court's role in reviewing ineffective assistance of counsel claims is not to "grade a lawyer's performance; instead, [the court] determine[s] only whether a lawyer's performance was within "the wide range of professionally competent assistance." *Van Poyck v. Florida Dept. of Corrections*, 290 F.3d 1318, 1322 (11th Cir.), *cert. denied*, 537 U.S. 812 (2002), quoting *Strickland*, 466 U.S. at 668, 690.

5

Under the second prong of the test set forth in *Strickland*, Taylor can be said to have been prejudiced by counsel's performance only if there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Moreover, "[t]he reasonableness of a counsel's performance is an objective inquiry." *Chandler*, 218 F.3d at 1315. For Taylor to show a deficient performance, he "must establish that no competent counsel would have taken the action that his counsel did take." *Id.* To uphold a lawyer's strategy, a court "need not attempt to divine the lawyer's mental processes underlying the strategy." *Id.* at 1315 n.16. Finally, "[n]o absolute rules dictate what is reasonable performance for lawyers." *Id.* at 1317.

## Discussion

Taylor claims that his counsel was ineffective for failing to object to the lack of documentation for the prior state convictions used to enhance his sentence under 21 U.S.C. §851. Taylor alleges that the Government relied on the PSR, which stated Taylor was arrested for Sale or Delivery of Cocaine on September 27, 1993. PSR ¶ 32. Taylor claims the PSR did not include that the charge was reduced to Possession and, therefore, his counsel was ineffective for failing to challenge the discrepancy. This claim is meritless.

Pursuant to 21 U.S.C. § 851, if the government intends to seek an increased punishment based on one or more of a defendant's prior convictions, the government must file an information with the district court and serve a copy of it to the defendant or defendant's counsel. 21 U.S.C. § 851(a)(1). The government must serve the copy before trial. *Id.* After the conviction, but before the pronouncement of sentence, the district court shall inquire from the defendant whether he affirms or denies that he has been previously convicted as alleged in the

information. *Id.* at § 851(b). The district court "shall inform [the defendant] that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." *Id.* If the defendant denies any of the allegations contained in the information or claims that "any conviction alleged is invalid, he shall file a written response to the information." *Id.* "The court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment." *Id.* "No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." *Id.* at § 851(e). In order to obtain the enhanced sentence pursuant to 21 U.S.C. § 851, the Government was required to put Taylor on notice that it would be seeking the enhanced penalty. The Government complied with the statute and filed "Government's Information and Notice of Prior Convictions" on May 14, 2007. (CR-53). The PSR informed Taylor that: "The presentence investigation supports the validity of these convictions. Pursuant to the provision of 21 U.S.C. § 851(b), the presentence report is disclosed to the defendant and counsel to affirm or deny the convictions when filing their written objections to the report. If the convictions are denied, a copy of the written denial will be forwarded to the United States Attorney's Office per 21 U.S.C. § 851(c). PSR ¶ 91 (emphasis in original). At sentencing, this Court asked whether there were any objections to the factual accuracy of the presentence report. CR-171 at 8. Counsel for the defendant as well as counsel for the government advised this Court that there were no objections. *Id.* This Court then adopted the factual statements and guideline applications as its findings of fact. *Id.* Because there were no objections to the enhancement, a hearing was not held.

Consequently, because Taylor's prior state felony drug conviction was clearly and properly set forth and the Court complied with the requirements of §851, his counsel cannot be deemed ineffective for failing to raise issues which have no merit. *Card v. Dugger*, 911 F.2d 1491, 1520 (11th Cir. 1990). Furthermore, Taylor could not have suffered any prejudice because his sentence was mandated by statute, thus, the outcome could not have been different.

Even if Taylor had challenged the enhancement prior to sentencing, his challenge would have failed because Taylor was adjudicated guilty of Sale or Delivery of Cocaine in the Circuit Court for Sarasota County, Florida, Case No. 93CR2411, on July 28, 1995, almost thirteen (13) years prior to filing of the enhancement in this case. See 21 U.S.C. § 851(e), which states that "[n]o person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." *Id.* at § 851(e).

Taylor has failed to prove that his counsel's performance fell below an objective standard of reasonableness; and that he was prejudiced by his counsel's performance. For the reasons stated above, Taylor has not met either prong of the *Strickland* test. Accordingly, it is

**ORDERED** that the Motion To Vacate, Set Aside, or Correct Sentence (Cv-1; Cr-198) is **DENIED.** The Clerk is directed to enter judgment against Taylor and to close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Taylor is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing,

Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Taylor has not made the requisite showing in these circumstances.

Finally, because Taylor is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** in Chambers, in Tampa, Florida this 9th day of June, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.